IN THE CIRCUIT COURT OF FREDERICK COUNTY, MARYLAND

| | |
|---|---|
| Timmy Stone<br>14 Sunny Ct.<br>Thurmont MD 21788<br><br>Mary F. Rice<br>208 E. Main St.<br>Thurmont MD 21788<br>individually and on behalf<br>others similarly situated,<br><br>   Plaintiffs,<br><br>Wayric Services, Inc.<br>c/o Resident Agent<br>Gerald Lee Sturgill<br>135 E. Main St.<br>Westminster, MD 21157<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

L10CV 484

## COMPLAINT – CLASS ACTION

### PARTIES

1. The plaintiff, Timmy Stone ("Stone"), is a Maryland resident and consumer.

2. The Plaintiff, Mary Rice ("Rice"), is a Maryland resident and consumer.

3. The Defendant, Wayric Services, Inc. ("Wayric") is a Maryland Corporation. Wayric collects on consumer debts. The debts that are pursued by Wayric are debts that have been allegedly acquired by Wayric, or Wayric is the servicer, after the debts are in default and are no longer legally enforceable obligations.

4. Wayric has not obtained a license to act as a debt collection agency in the State of Maryland.

5. Defendant WAYRIC is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Defendant WAYRIC is a "collector" as defined by the Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Annotated Code, Commercial Law Article, § 14-201(b).

## FACTUAL ALLEGATIONS RELATING TO
## DEFENDANT'S IMPROPER AND UNLAWFUL ACTS

7. WAYRIC filed a law suit against Stone in 2009 relating to an alleged debt that was charged off. The law suit was filed in the District Court of Maryland for Frederick County, Maryland, Case No. 1101000297322009 on May 18, 2009.

8. The court dismissed Wayric's lawsuit with prejudice.

9. At not time did Wayric provide Stone with a written notice that he had the right to request verification of the debt, dispute the debt or the other notices required by the FDCPA, 15 U.S.C. § 1692g.

10. Wayric filed a law suit against Rice in 2009 relating to an alleged debt that was charged off. The law suit was filed in the District Court of Maryland for Frederick County, Maryland, Case No. 1101000308222009 on May 26, 2009.

11. Under § 7-301 of the Maryland Business Regulations Article, a person must have a license to do business as a collection agency in the State of Maryland.

12. The Defendant does not hold a license to act as a debt collection agency in the State of Maryland.

13. Defendant has and continues to act as a debt collection agency in Maryland.

14. Defendant's actions as a debt collection agency have been without a license.

15. Defendant willfully and knowingly acted as a debt collection agency in Maryland without a license.

16. Given its unlawful actions, Defendant will not qualify for a license to act as a debt collection agency in Maryland.

## CLASS ALLEGATIONS

17. Plaintiffs bring this complaint on behalf of a class of all other persons similarly situated.

18. The class is comprised of all persons in the State of Maryland, who within three years prior to the filing of the initial complaint, were contacted by the Defendant in connection with any effort to collect a debt.

19. Upon information and belief, the class is so numerous as to make it impracticable to join all members of the class. On information and belief the class includes tens if not hundreds of individuals.

20. There are questions of law and fact which are common to all members of the class, including:

   a. Whether the Defendant has acted as a debt collection agency in the State of Maryland;

   b. Whether the Defendant is licensed to act as a debt collection agency in Maryland.

   c. Whether the Defendant failed to provide notices required by the FDCPA.

   d. Whether the Defendant threatened or took actions that it had no right to take.

   e. Whether the defendant should be enjoined from continuing to act as a debt collection agency without a license.

   f. Whether the defendant should be ordered to disgorge money that it has wrongfully collected as a debt collection agency when it was not licensed to act as a debt collection agency.

21. The only individual questions concern the identification of class members and who is entitled to any funds that the Defendant is ordered to disgorge as the fruit of its unlawful activities or share in any statutory or other damages. This information can be determined by a ministerial examination of the Defendant's business records, which are admissible as an exception to the hearsay rule and as an admission by a party.

22. Plaintiffs' claims are typical of the claims of the class members.

23. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action. They are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent. They feel that they have been wronged, wish to obtain redress of the wrong, and wants Defendant stopped from perpetrating similar wrongs on others. To that end, Plaintiffs have retained counsel experienced in handling class action suits involving unfair business practices that affect consumers. Neither the named Plaintiffs nor their counsel have any adverse interest which might cause them not to vigorously pursue this action.

24. Defendant by acting as a debt collection agency without a license has acted on grounds generally applicable to the class.

## COUNT I

### *Class Declaratory Judgment and Injunctive Relief*

25. Plaintiffs incorporate the foregoing allegations.

26. Plaintiffs seek a declaration on their behalf and on behalf of the class that the Defendant has acted unlawfully by acting as a debt collection agency.

27. Defendant should be enjoined from continuing to act as a debt collection agency in the State of Maryland.

28. Defendant should be ordered to disgorge all amounts that it has obtained while acting illegally as a debt collection agency without a license.

WHEREFORE, Plaintiffs and Class Members pray that this court:

    a. Certify this case as a class action with the named plaintiffs as class representatives and their attorneys as counsel on behalf of the class described herein;

  b. Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction;

  c. Order the defendant to disgorge all amounts collected from the class while the defendant acted as a debt collection agency without a license;

  d. Award reasonable attorney's fees, litigation expenses and costs;

  e. Order appropriate declaratory relief; and

  f. Provide such other or further relief as the Court deems appropriate.

## COUNT II

### *Class Claim for Violation of the MCDCA*

29. Plaintiffs incorporate the foregoing allegations.

30. Defendant has acted as a debt collector when it is not licensed to do so.

31. Defendant has filed lawsuits against Plaintiffs and other class members seeking to recover debts that are not legally enforceable.

32. The actions as a debt collector when it is not licensed to take such actions violates § 14-202 (8) which prohibits a debt collector from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist".

33. The filing of lawsuits on debts that are not legally enforceable also violates § 14-202 (8).

34. The defendant's actions violate the MDCPA.

35. The Plaintiffs and other class members have been damaged by the Defendant's actions.

WHEREFORE, Plaintiffs and Class Members pray that this court:

  a. Certify this case as a class action with the named plaintiffs as class representatives and

their attorneys as counsel on behalf of the class described herein;

b. Grant a money judgment in favor of the Plaintiffs and the Class for violations of the MCDCA in such amount as to be determined at trial and for purposes of a sum certain, subject to further discovery as to the size of the class, the amount sought on behalf of the class is $10,000,000.00;

c. Award reasonable attorney's fees, litigation expenses and costs;

d. Provide such other or further relief as the Court deems appropriate.

## COUNT III

### *Class Claim for Violation of the Maryland Consumer Protection Act ("MCPA")*

36. Plaintiffs incorporate the foregoing allegations.

37. The Defendant's violations of the MCDCA constitutes a violation of the Maryland Consumer Protection Act pursuant to Sec. 13-301 (14)(iii).

38. The defendant's acts that violate the FDCPA constitute an unfair or deceptive trade practice.

39. The Plaintiffs and class members have been damaged by the Defendant's unfair or deceptive trade practices.

WHEREFORE, Plaintiffs and Class Members pray that this court:

a. Certify this case as a class action with the named plaintiffs as class representatives and their attorneys as counsel on behalf of the class described herein;

b. Grant a money judgment in favor of the Plaintiffs and the Class for violations of the MCDCA in such amount as to be determined at trial and for purposes of a sum certain, subject to further discovery as to the size of the class, the amount sought on behalf of the

class is $10,000,000.00;

c. Award reasonable attorney's fees, litigation expenses and costs;

d. Provide such other or further relief as the Court deems appropriate.

## Count IV

### *Class Claim under the FDCPA*

40. Plaintiffs incorporate the foregoing allegations.

41. Defendant failed to comply with the notice requirements under 15 U.S.C. § 1692g in its contact with the Plaintiffs and class members.

42. Defendant has sent materials to consumers that failed to include the notice required by 15 U.S.C. Section 1692e (11).

43. The Defendant has violated the FDCPA by acting as a debt collector when it does not hold a license to do so in violation of 15 U.S.C. Section 1692e (5).

44. The FDCPA provides for statutory damages.

45. The Plaintiffs and Class are entitled to statutory damages from the Defendant.

WHEREFORE, plaintiffs pray that the Court enter judgment against the Defendant for the following:

a. Statutory damages in the amounts allowed by the FDCPA up to $500,000.00;

b. Award reasonable attorney's fees, litigation expenses and costs;

c. Provide such other or further relief as the Court deems appropriate.

Respectfully Submitted,

*[signature]*

Scott C. Borison, Esq.
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016; Fax: (301) 620-1018

Douglas B. Bowman
PO Box 503
Middletown MD 21769
(240) 566-6050

Peter A. Holland
Michael G. Morin
THE HOLLAND LAW FIRM, P.C.
Clock Tower Place
1410 Forest Drive, Suite 21
Annapolis, Maryland 21403
(410) 280-6133

*Attorneys for Plaintiff*

## REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by jury of any claims that may be determined by a jury.

*[signature]*
_____