# Exhibit 8

# Legislative History for 2007 chap. 472(Business Regulation 7-101) HB1324

## Complete file.

# HOUSE BILL 1324

C2

7lr0116

By: **Chair, Economic Matters Committee (By Request – Departmental – Labor, Licensing and Regulation)**
Introduced and read first time: February 28, 2007
Assigned to: Rules and Executive Nominations
Re-referred to: Economic Matters, March 2, 2007

Committee Report: Favorable
House action: Adopted
Read second time: March 25, 2007

CHAPTER _____

1   AN ACT concerning

2                                    **Collection Agencies – Licensing**

3   FOR the purpose of altering the definition of "collection agency" as it relates to the
4        licensing and regulation of collection agencies; requiring certain additional
5        persons to be licensed by the State Collection Agency Licensing Board before
6        they may collect consumer claims in this State; establishing certain
7        qualifications for a collection agency license; altering the conditions under
8        which the Board may reprimand certain licensees or suspend or revoke certain
9        licenses; authorizing certain persons to continue to collect certain consumer
10       claims without being licensed if the person applies for a license within a certain
11       time period; and generally relating to the licensing and regulation of collection
12       agencies.

13  BY repealing and reenacting, with amendments,
14       Article – Business Regulation
15       Section 7–101, 7–303, and 7–308
16       Annotated Code of Maryland
17       (2004 Replacement Volume and 2006 Supplement)

EXPLANATION: CAPITALS INDICATE MATTER ADDED TO EXISTING LAW.
[Brackets] indicate matter deleted from existing law.
Underlining indicates amendments to bill.
~~Strike out~~ indicates matter stricken from the bill by amendment or deleted from the law by amendment.



2                                    HOUSE BILL 1324

1      SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF
2  MARYLAND, That the Laws of Maryland read as follows:

3                          **Article – Business Regulation**

4  7–101.

5      (a)    In this title the following words have the meanings indicated.

6      (b)    "Board" means the State Collection Agency Licensing Board.

7      (c)    "Collection agency" means a person who[:

8             (1)]    engages directly or indirectly in the business of:

9             (1)    (I)    collecting for, or soliciting from another, a consumer claim;
10  OR

11             (II)    COLLECTING A CONSUMER CLAIM THE PERSON OWNS, IF
12  THE CLAIM WAS IN DEFAULT WHEN THE PERSON ACQUIRED IT;

13             (2)    [in collection of a consumer claim by its owner, uses] COLLECTING
14  A CONSUMER CLAIM THE PERSON OWNS, USING a name or other artifice that
15  indicates that another party is attempting to collect the consumer claim;

16             (3)    [gives, sells, attempts] GIVING, SELLING, ATTEMPTING to give or
17  sell to another, or [uses] USING, for collection of a consumer claim, a series or system
18  of forms or letters that indicates directly or indirectly that a person other than the
19  owner is asserting the consumer claim; or

20             (4)    [employs] EMPLOYING the services of an individual or business to
21  solicit or sell a collection system to be used for collection of a consumer claim.

22      (d)    "Commissioner" means the Commissioner of Financial Regulation.

23      (e)    "Consumer claim" means a claim that:

24             (1)    is for money owed or said to be owed by a resident of the State; and

HOUSE BILL 1324                                         3

1      (2)    arises from a transaction in which, for a family, household, or
2  personal purpose, the resident sought or got credit, money, personal property, real
3  property, or services.

4      (f)    "License" means a license issued by the Board to do business as a
5  collection agency.

6      (g)    "Licensed collection agency" means a person who is licensed by the Board
7  to do business as a collection agency.

8  7-303.

9      (a)    Within 60 days after an applicant submits an application for a license
10  and pays the application fee, the Board shall approve or deny the application.

11      [(b)   Subject to the hearing provisions of § 7-309 of this subtitle, the Board
12  may deny a license to an applicant if:

13          (1)    the applicant fraudulently or deceptively obtains or attempts to
14  obtain a license for the applicant or for another person;

15          (2)    the applicant fraudulently uses a license;

16          (3)    the applicant:

17                  (i)    has had a license revoked; or

18                  (ii)   is responsible for an act or omission that resulted in
19  revocation of a license;

20          (4)    a person who, when the application is submitted, is an agent,
21  director, employee, member, officer, owner, partner, or spouse of the applicant:

22                  (i)    has had a license revoked; or

23                  (ii)   is responsible for an act or omission that resulted in
24  revocation of a license; or

25          (5)    otherwise fails to meet the requirements for licensure.]

26      (B)    TO QUALIFY FOR A LICENSE, AN APPLICANT SHALL SATISFY THE
27  BOARD THAT THE APPLICANT IS OF GOOD MORAL CHARACTER AND HAS

4                              HOUSE BILL 1324

1   SUFFICIENT FINANCIAL RESPONSIBILITY, BUSINESS EXPERIENCE, AND
2   GENERAL FITNESS TO:

3            (1)   ENGAGE IN BUSINESS AS A COLLECTION AGENCY;

4            (2)   WARRANT THE BELIEF THAT THE BUSINESS WILL BE
5   CONDUCTED LAWFULLY, HONESTLY, FAIRLY, AND EFFICIENTLY; AND

6            (3)   COMMAND THE CONFIDENCE OF THE PUBLIC.

7       (C)   THE BOARD MAY DENY AN APPLICATION FOR A LICENSE TO ANY
8   PERSON WHO:

9            (1)   HAS COMMITTED ANY ACT THAT WOULD BE A GROUND FOR
10  REPRIMAND, SUSPENSION, OR REVOCATION OF A LICENSE UNDER THIS
11  SUBTITLE; OR

12           (2)   OTHERWISE FAILS TO MEET THE REQUIREMENTS FOR
13  LICENSURE.

14      (D)   (1)   THE DENIAL OF AN APPLICATION UNDER THIS SECTION IS
15  SUBJECT TO THE HEARING PROVISIONS OF § 7–309 OF THIS SUBTITLE.

16           (2)   AN APPLICANT WHO SEEKS A HEARING ON A LICENSE
17  APPLICATION DENIAL SHALL FILE A WRITTEN REQUEST FOR A HEARING WITHIN
18  45 DAYS FOLLOWING RECEIPT OF THE NOTICE TO THE APPLICANT OF THE
19  APPLICANT'S RIGHT TO A HEARING.

20  7–308.

21      (a)   Subject to the hearing provisions of § 7–309 of this subtitle, the Board
22  may reprimand a licensee or suspend or revoke a license if the licensee OR ANY
23  OWNER, DIRECTOR, OFFICER, MEMBER, PARTNER, OR AGENT OF THE LICENSEE:

24           [(1)   fraudulently or deceptively obtains or attempts to obtain a license
25  for the licensee or for another person;

26           (2)   fraudulently or deceptively uses a license;]

HOUSE BILL 1324                                    5

1    (1)    MAKES ANY MATERIAL MISSTATEMENT IN AN APPLICATION
2  FOR A LICENSE;

3    (2)    IS CONVICTED UNDER THE LAWS OF THE UNITED STATES OR
4  OF ANY STATE OF:

5        (I)    A FELONY; OR

6        (II)    A MISDEMEANOR THAT IS DIRECTLY RELATED TO THE
7  FITNESS AND QUALIFICATION OF THE PERSON TO ENGAGE IN THE COLLECTION
8  AGENCY BUSINESS;

9        (3) .  IN CONNECTION WITH THE COLLECTION OF ANY CONSUMER
10  CLAIM:

11        (I)    COMMITS ANY FRAUD; OR

12        (II)    ENGAGES IN ANY ILLEGAL OR DISHONEST ACTIVITIES;

13    [(3)] (4)    knowingly or negligently violates the Maryland Consumer
14  Debt Collection Act; or

15    [(4)] (5)    fails to comply with a lawful order that the Board passes
16  under this title.

17    (b)    If the Board finds that a ground for suspension or revocation of a license
18  applies to more than 1 place of business that the licensee operates, the Board may act
19  against:

20        (1)    each license of the licensee; or

21        (2)    only the licenses to which the ground applies.

22    (C)    IN DETERMINING WHETHER TO REPRIMAND A LICENSEE OR TO
23  SUSPEND OR REVOKE A LICENSE FOR A REASON DESCRIBED IN SUBSECTION
24  (A)(2) OF THIS SECTION, THE BOARD SHALL CONSIDER:

25        (1)    THE NATURE OF THE CRIME;

6                                    HOUSE BILL 1324

1          (2)   THE RELATIONSHIP OF THE CRIME TO THE ACTIVITIES
2    AUTHORIZED BY THE LICENSE;

3          (3)   WITH   RESPECT TO A FELONY, THE RELEVANCE OF THE
4    CONVICTION TO THE FITNESS AND QUALIFICATION OF THE LICENSEE TO
5    ENGAGE IN THE COLLECTION AGENCY BUSINESS;

6          (4)   THE LENGTH OF TIME SINCE THE CONVICTION; AND

7          (5)   THE BEHAVIOR AND ACTIVITIES OF THE LICENSEE SINCE THE
8    CONVICTION.

9          SECTION 2. AND BE IT FURTHER ENACTED, That, in the absence of an
10   order by the State Collection Agency Licensing Board to the contrary, a person that
11   owned consumer claims and was not required to have a collection agency license
12   immediately prior to the effective date of this Act may continue to collect those
13   consumer claims without being licensed, as required by Section 1 of this Act, until the
14   State Collection Agency Licensing Board approves or disapproves the person's
15   application for a license if the person applies for a license no later than 30 days after
16   the effective date of this Act.

17         SECTION 3. AND BE IT FURTHER ENACTED, That this Act shall take effect
18   October 1, 2007.

Approved:

_____
                                              Governor.

_____
                             Speaker of the House of Delegates.

_____
                               President of the Senate.

ANALYST: TAMI 5460

SENATE FINANCE COMMITTEE - 2007 SESSION

HOUSE BILL 1324

COLLECTION AGENCIES - LICENSING

SPONSOR: CHAIR, ECONOMIC MATTERS COMMITTEE

(BY REQUEST – DEPARTMENTAL – LABOR, LICENSING AND REGULATION)

---

HOUSE BILL 1324 EXTENDS THE PURVIEW OF THE STATE COLLECTION AGENCY LICENSING BOARD TO INCLUDE PERSONS WHO COLLECT CONSUMER CLAIMS ACQUIRED WHEN THE CLAIMS WERE IN DEFAULT. THESE PERSONS ARE KNOWN AS "DEBT PURCHASERS" SINCE THEY PURCHASE DELINQUENT CONSUMER DEBT RESULTING FROM CREDIT CARD TRANSACTIONS AND OTHER BILLS; THESE PERSONS THEN OWN THE DEBT AND SEEK TO COLLECT FROM CONSUMERS LIKE OTHER COLLECTION AGENCIES WHO ACT ON BEHALF OF ORIGINAL CREDITORS.

FURTHER, THE BILL SPECIFIES QUALIFICATIONS FOR LICENSURE, CLARIFIES THE GROUNDS FOR DENIAL OF AN APPLICATION, AND ESTABLISHES THE RIGHT TO A HEARING BEFORE THE BOARD FOR PERSONS DENIED A LICENSE. GROUNDS FOR REPRIMANDING A LICENSEE OR SUSPENDING OR REVOKING A LICENSE ARE CLARIFIED AND EXTENDED TO INCLUDE SPECIFIED FRAUDULENT OR UNSCRUPULOUS ACTIVITY BY AN OWNER, DIRECTOR, OFFICER, MEMBER, PARTNER, OR AGENT OF THE LICENSEE.

---

NO AMENDMENTS.   NO OPPOSITION AT THE COMMITTEE HEARING. STATE REVENUES COULD INCREASE BY $16,000 IN FISCAL 2008 FROM LICENSING "DEBT PURCHASERS".

MOVE THE ADOPTION OF THE FAVORABLE COMMITTEE REPORT.

**Department of Legislative Services**
Maryland General Assembly
2007 Session

HB 1324

## FISCAL AND POLICY NOTE

| House Bill 1324 | (Chair, Economic Matters Committee) |
| | (By Request – Departmental – Labor, Licensing and Regulation) |
| Economic Matters | Finance |

### Collection Agencies - Licensing

This departmental bill extends the purview of the State Collection Agency Licensing Board to include persons who collect a consumer claim acquired when the claim was in default. These persons may temporarily continue to operate without a license after the bill's October 1, 2007 effective date, pending board approval of a license application if the application is made within 30 days.

The bill specifies qualifications for licensure, clarifies the grounds for denial of an application, and establishes the right to a hearing before the board for persons denied a license. Grounds for reprimanding a licensee or suspending or revoking a license are clarified and extended to include specified fraudulent or unscrupulous activity by an owner, director, officer, member, partner, or agent of the licensee.

### Fiscal Summary

**State Effect:** General fund revenues would increase by an estimated $16,000 in FY 2008 due to the new licensing requirements. Future year revenues reflect the board's renewal cycle and growth in the number of licensees. Expenditures would not be affected.

| (in dollars) | FY 2008 | FY 2009 | FY 2010 | FY 2011 | FY 2012 |
|---|---|---|---|---|---|
| GF Revenue | $16,000 | $800 | $17,600 | $800 | $19,200 |
| Expenditure | $0 | $0 | $0 | $0 | $0 |
| Net Effect | $16,000 | $800 | $17,600 | $800 | $19,200 |

Note:() = decrease; GF = general funds; FF = federal funds; SF = special funds; - = indeterminate effect

**Local Effect:** None.

**Small Business Effect:** The Department of Labor, Licensing, and Regulation (DLLR) has determined that this bill has minimal or no impact on small business (attached). Legislative Services concurs with this assessment.

## Analysis

**Current Law:** A person must have a license from the State Collection Agency Licensing Board whenever the person does business as a collection agency, generally defined as (1) engaging in the business of collecting a consumer claim; (2) using a name or other artifice that indicates that another party is attempting to collect a consumer claim; (3) using a system of forms that indicates that a person other than the owner is asserting a consumer claim; and (4) employing services to solicit a collection system to be used for collection of a consumer claim. A consumer claim is defined as a claim for money owed by a resident of the State that arises from a transaction in which a private party sought credit, money, property, or services.

An applicant for a license must submit an application under oath and pay a fee of $400 for each place of business. An applicant is also required to execute a $5,000 surety bond for the benefit of any member of the public who has a loss or other damage as the result of a violation of the Maryland Collection Agency Licensing Act or the Maryland Consumer Debt Collection Act; the estimated cost of the bond is $150 per year. The board may deny a license if an applicant fraudulently uses or attempts to obtain a license or if the applicant or associate has had a license revoked. Licenses are generally valid for a period of two years.

A person may not do business as a collection agency without a State license. A person who violates this law is guilty of a misdemeanor and on conviction is subject to a fine of up to $1,000 or imprisonment for up to six months or both.

**Background:** DLLR advises that the State Collection Agency Licensing Board currently regulates 1,304 collection agencies. The department estimates that the bill would make 40 debt purchasers subject to State regulation. Debt purchasers are not currently subject to regulation, as they purchase the debt directly from the creditor and are generally compensated as a percentage of their recovery. Although this activity falls under the federal Fair Debt Collection Practices Act, Maryland consumers are not currently protected in these transactions by the State Collection Agency Licensing Board.

**State Fiscal Effect:** General fund revenues would increase by an estimated $16,000 in fiscal 2008 if 40 debt purchasers became licensed by the State Collection Agency Licensing Board. The board generally issues a two-year license that is renewable in

HB 1324 / Page 2

even-numbered fiscal years; fiscal 2009 revenues would be limited to new licenses, which would expire the following year. The department estimates that two new establishments would apply for a license each year, which would result in $800 in general fund revenues in fiscal 2009. Future year revenues reflect potential growth in the industry of two new establishments a year, no attrition, and the board's renewal cycle.

Debt purchasers would represent a relatively small percentage of the total number of collection agencies licensed by the board. The department advises that the additional licensing activity could be handled with existing resources.

---

### Additional Information

**Prior Introductions:** None.

**Cross File:** None.

**Information Source(s):** Office of Administrative Hearings; Department of Labor, Licensing, and Regulation; Department of Legislative Services

**Fiscal Note History:**    First Reader - March 20, 2007
mll/ljm

---

Analysis by: Suzanne O. Potts

Direct Inquiries to:
(410) 946-5510
(301) 970-5510



### ANALYSIS OF ECONOMIC IMPACT ON SMALL BUSINESSES

**TITLE OF BILL:**   Collection Agencies-Licensing Board-Licensing

**BILL NUMBER:**   HB 1324

**PREPARED BY:**   Labor, Licensing & Regulation

(Dept./Agency)

### PART A.  ECONOMIC IMPACT RATING

This agency estimates that the proposed bill:

    __X__   WILL HAVE MINIMAL OR NO ECONOMIC IMPACT ON MARYLAND
            SMALL BUSINESS

                   OR

    _____   WILL HAVE MEANINGFUL ECONOMIC IMPACT ON MARYLAND
            SMALL BUSINESSES

### PART B.  ECONOMIC IMPACT ANALYSIS

The proposed legislation will have no economic impact on small business in Maryland.

Department of Legislative Services
Maryland General Assembly

---

**FISCAL NOTE INFORMATION
ATTACH TO BILL**

---

**TO:**    House Committee -
           Chairman, Economic Matters


           Senate Committee -
   →       Chairman, Finance


           Bill Sponsor, Economic Matters Committee, Chair

**DATE:**   April 04, 2007

**FROM:**   John F. Rixey
            Coordinating Analyst

**RE:**    **House Bill 1324**
           This is a Third Reader w/no change or favorable

---

    We have examined the third reader bill for the above mentioned bill and have found no
change in the original fiscal note.


cc: Fiscal Note File

JFR/ncs



ECONOMIC MATTERS COMMITTEE

DERECK E. DAVIS, CHAIRMAN · COMMITTEE REPORT SYSTEM

DEPARTMENT OF LEGISLATIVE SERVICES · 2007 MARYLAND GENERAL ASSEMBLY

# FLOOR REPORT

*Committee Counsel: Robert Smith*

### House Bill 1324

### Collection Agencies – Licensing

**SPONSORS:**
Chair, Economic Matters Committee (By Request – Departmental – Labor, Licensing and Regulation)

## COMMITTEE RECOMMENDATION:

**FAVORABLE**

House Bill 1324 requires persons who collect consumer claims acquired in default to be licensed as debt collectors under the jurisdiction of the Commissioner of Financial Regulation. The bill includes qualifications for licensure, grounds for denial and discipline, and due process requirements for licensees.

## SUMMARY OF BILL:

House Bill 1324 is a departmental bill that extends the purview of the State Collection Agency Licensing Board to include persons who collect a consumer claim acquired when the claim was in default. These persons may temporarily continue to operate without a license after the bill's October 1, 2007 effective date, pending board approval of a license application if the application is made within 30 days.

The bill specifies qualifications for licensure, clarifies the grounds for denial of an application, and establishes the right to a hearing before the board for persons denied a license. Grounds for reprimanding a licensee or suspending or revoking a license are clarified and extended to include specified fraudulent or unscrupulous activity by an owner, director, officer, member, partner, or agent of the licensee.

## BACKGROUND:

**Current Law:**

A person must have a license from the State Collection Agency Licensing Board whenever the person does business as a collection agency, generally defined as (1) engaging in the business of collecting a consumer claim; (2) using a name or other artifice that indicates that another party is attempting to collect a consumer claim; (3) using a system of forms that indicates that a person other than the owner is asserting a consumer claim; and (4) employing services to solicit a collection system to be used for collection of a consumer claim. A consumer claim is defined as a claim for money owed by a resident of the State that arises from a transaction in which a private party sought credit, money, property, or services.

An applicant for a license must submit an application under oath and pay a fee of $400 for each place of business. An applicant is also required to execute a $5,000 surety bond for the benefit of any member of the public who has a loss or other damage as the result of a violation of the Maryland Collection Agency Licensing Act or the Maryland Consumer Debt Collection Act; the estimated cost of the bond is $150 per year. The board may deny a license if an applicant fraudulently uses or attempts to obtain a license or if the applicant or associate has had a license revoked. Licenses are generally valid for a period of two years.

A person may not do business as a collection agency without a State license. A person who violates this law is guilty of a misdemeanor and on conviction is subject to a fine of up to $1,000 or imprisonment for up to six months or both.

**Background:**

DLLR advises that the State Collection Agency Licensing Board currently regulates 1,304 collection agencies. The department estimates that the bill would make 40 debt purchasers subject to State regulation. Debt purchasers are not currently subject to regulation, as they purchase the debt directly from the creditor and are generally compensated as a percentage of their recovery. Although this activity falls under the federal Fair Debt Collection Practices Act, Maryland consumers are not currently protected in these transactions by the State Collection Agency Licensing Board.

**Prior Introductions:**
None.

**Cross File:**
None.

## QUESTIONS AND ANSWERS:

*Q.*   *What problem is this bill addressing?*

*A.*   Although debt collectors must be licensed in Maryland to collect debts owed to a creditor, currently individuals collecting debts owed to themselves are exempt.  Creditors have taken to selling defaulted receivables at a discount to collectors who are not licensed under Maryland law, although they are subject to the federal Fair Debt Collection Practices Act.

*Q.*   *Does this mean I have to get a license to collect money owed to me?*

*A.*   No.  The changes in this bill only apply to persons who acquire for collection debt that is already in default.

28 March 2007

3 of 3

**MARTIN O'MALLEY, Governor**
**ANTHONY BROWN, Lt. Governor**

# DLLR
## STATE OF MARYLAND
### DEPARTMENT OF LABOR, LICENSING AND REGULATION

**Testimony in Support of HB 1324**
**Charles W. Turnbaugh**
**Commissioner of Financial Regulation**
**Chairman, Collection Agency Licensing Board**

Thank you for the opportunity to address you regarding this proposed legislation, which is a departmental bill.

In 1978, Maryland enacted the Collection Agencies Licensing Act, which required any person engaged in the practice of collecting debts for others to be licensed by the State Collection Agency Licensing Board. The Collection Agency Licensing Board ("the Board") is made up of two public members, two industry members and the Commissioner of Financial Regulation. This Board has unanimously recommended that this legislation be adopted to address a "loophole" that has developed within the past few years. Creditors use licensed debt collecting organizations to recover their delinquent accounts from consumers. Due to abusive collection practices by some debt recovery organizations, both the federal government, Maryland and other states passed legislation to regulate the activities of these entities.

Maryland law regulates collection firms that collect consumer debt as agents of the creditor (hospitals, retailers, credit card issuers etc). The law does not require licensing for businesses that only collect their **own** consumer debts, unless the business uses a name or other artifice that indicates that another party is attempting to collect the consumer debt. However, the evolution of the debt collection industry has created a "loophole" used by some entities as a means to circumvent current State collection agency laws. Entities, such as "debt purchasers" who enter into purchase agreements to collect delinquent consumer debt rather than acting as an agent for the original creditor, currently collect consumer debt in the State without complying with any licensing or bonding requirement. The federal government has recognized and defined debt purchasers as collection agencies, and requires that these entities fully comply with the Federal Fair Debt Collection Practices Act.

This legislation would include debt purchasers within the definition of a "collection agency," and require them to be licensed by the Board before they may collect consumer claims in this State. Other businesses that are collecting their own debt continue to be excluded from this law. The proposed legislation would also establish certain qualification standards for a collection agency license and authorize the Board to reprimand, suspend or revoke the licenses when certain acts are committed. The proposal would provide Maryland residents with greater protection against persons willing to engage in abusive debt collection practices and provide the Board the authority to enforce State law.

Thank you very much for the opportunity to testify before you today. The Department respectfully requests a FAVORABLE report for HB 1324. I would be happy to answer any questions you may have.

500 N. Calvert Street • Baltimore, MD 21202
410-230-6020 • Fax 410-333-0853

Legislative Office
45 Calvert Street, Room 25
410-260-6075 • Fax 410-260-6081



**DOUGLAS F. GANSLER**
*Attorney General*

**KATHERINE WINFREE**
*Chief Deputy Attorney General*

**JOHN B. HOWARD, JR.**
*Deputy Attorney General*

**STATE OF MARYLAND**
## OFFICE OF THE ATTORNEY GENERAL
### CONSUMER PROTECTION DIVISION

**WILLIAM LEIBOVICI**
*Chief*
Consumer Protection Division

WRITER'S DIRECT DIAL NO.
(410) 576-6307

March 22, 2007

The Honorable Dereck E. Davis, Chairman
House Economic Matters Committee
231 Taylor House Office Building
Annapolis, MD 21401-1991

     re:    **House Bill 1324**

Dear Chairman Davis:

     I am writing on behalf of the Consumer Protection Division, Office of the Attorney General in support of House Bill 1324. This bill clarifies that the definition of "Collection Agency" contained in Maryland Code Ann., Bus. Reg. § 7-101, includes businesses that purchase consumer debts that are in default. This bill also broadens the qualifications that a Collection Agency must demonstrate in order to obtain a license to collect consumer debts from the State Collection Agency Licensing Board (the "Licensing Board"). The bill also clarifies the conditions under which the Licensing Board may suspend or revoke a Collection Agency's license.

     The Consumer Protection Division supports this bill because it clarifies that purchasers of consumer debt must be licensed to collect consumer debt in Maryland and establishes appropriate qualifications that Collection Agencies must demonstrate in order to be licensed to collect debt in Maryland. The bill will also provide appropriate authority for the Board to either deny or revoke a collection agency license when a Collection Agency harms consumers. We therefore urge the House Economic Matter Committee to issue a favorable report on House Bill 1324.

     Sincerely,

*Steven Sakamoto-Wengel as*

Steven Sakamoto-Wengel
Assistant Attorney General

cc: Members, Economic Matters Committee

200 Saint Paul Place ❖ Baltimore, Maryland 21202-2021
Main Office (410) 576-6300 ❖ Main Office Toll Free (888) 743-0023 ❖ D.C. Metro (301) 470-7534
Consumer Complaints and Inquiries (410) 528-8662 ❖ Health Advocacy Unit/Billing Complaints (410) 528-1840
Health Advocacy Unit Toll Free (877) 261-8807 ❖ Homebuilders Division Toll Free (877) 259-4525 ❖ Telephone for Deaf (410) 576-6372

## House Bill 1324 – Collection Agencies - Licensing

Submitted by: The Greater Baltimore Board of REALTORS®, Inc.
Contact: Carolyn Blanchard Cook, Deputy Executive Vice President, 410-337-7200 or Carolyn@GBBR.org

**Position: Support with Amendment**

House Bill 1324 ("Collection Agencies - Licensing") would include in the definition of collection agency a person who owns the debt IF the debt was in default when the owner acquired it. The members of the Greater Baltimore Board of REALTORS®, Inc. (GBBR) recognize that it is the intent of HB 1324 to close a loophole whereby those principally engaged in the business of collecting debts avoid the statutory requirements of licensure by becoming the owners of the debts that they seek to collect. Currently, the law requires that a debt collector acting on behalf of another must be licensed unless that person has been specifically excluded from the statute. Furthermore, current law exempts owners from licensure when they utilize their own efforts to collect debts owned by them.

GBBR is particularly concerned that a purchaser of rental property wherein one or more tenant is behind in the rent at the time of purchase will be required to become licensed as a collection agent under the new definition proposed in HB 1324. Under this scenario, the purchaser of the delinquent rental property is neither a licensed real estate broker, has not hired an attorney to collect the debt or otherwise meets the exemptions set forth in Section 7-102. GBBR believes that it is not the intent of HB 1324 to require that an owner in the above and similar situations be licensed as a collection agency prior to initiating steps to collect the outstanding debt. To that end, GBBR respectfully offers the following amendment to HB 1324:

(c) "Collection agency" means a person who engages directly or indirectly in the business of:
    1. (I) COLLECTING A CONSUMER CLAIM THE PERSON OWNS, IF THE CLAIM WAS IN DEFAULT WHEN THE PERSON ACQUIRED IT <u>AND THE PRINCIPAL BUSINESS OF THE ACQUIRING OWNER IS THE COLLECTION OF DEBTS;</u>...

GBBR urges a favorable report with the amendment noted above.

Testimony in Support of HB 1324
Eileen (Farnham) Brandenberg
Collection Agency Licensing Board

Chairman, Economic Matters Committee Members, I am Eileen Brandenberg, one of two consumer members on the Collection Agency Licensing Board. The other is Steve Hannan, the director of the Howard County Office of Consumer Affairs, who would be here today in support of the bill but for the death of his mother. I am here to endorse Commissioner Turnbaugh's support for the need to extend collection agency licensing to debt purchasers.

Maryland is doing a good job of protecting its citizens and is in the forefront of states doing so. My perception as a Board member is that the majority of serious debt collection problems now are coming from a small number of maverick collectors and from unregulated newly-evolved kinds of businesses not covered under current licensing laws. Debt purchasers are increasing in number – problems with their debt collection practices need to come under the same regulations that govern other collectors. To keep doing the job of protecting Marylanders we need adequate tools to give us a measure of control over the actions of businesses that now exist to collect consumer debts outside the scope of traditional collection agencies.

It is frustrating to hear of complaints that are outside our authority only because the purchase of a debt has put the collector outside the current definition of "collection agency." That needs to be changed to meet the needs of the times, so valid complaints about improper collection behavior can be dealt with regardless of how the company obtained the debt for collection. Our residents need to have this protection and it's a measure we need to keep doing our jobs effectively. The Board's authority needs to evolve along with changes like this in the collection industry.

Please support passage of this HB 1324 to extend normal collection requirements and protections to consumers whose delinquent debt was purchased rather than assigned to a collector. Thank you.

3/21/2007

**Susan Hayes**
**Statement on House Bill 1324**

>
Chairman Davis and members of the Committee, thank you for the
opportunity to address you regarding this proposed legislation.

The following information is a compilation of information from several
articles published by the Asset Buyers Program at ACA International
(formerly known as the American Collectors Association).
>
> The traditional method of dealing with distressed accounts has been
for creditors to assign these accounts to a collection agency.  These
agencies, operating under a contingency fee arrangement with the
creditor, keep a portion of the amount recovered and return the balance
to the creditor.  Today, a different option is available – selling
accounts receivables to a third party debt collector at a discount.
>
> Whether delinquent debt is collected by a third party collector on
behalf of a creditor or is purchased by an entity that regularly
collects debts and makes debt collection its principal purpose, the
collection activity will be covered by the Federal Debt Collection
Practices Act.  Such a debt purchaser does not step in to the shoes of
the creditor, rather, she is regarded as an independent collector of
past due debts subject to the provision of the FDCPA.
>

> The leading case on the subject, Kimber v. Federal Financial Corp.,
> analyzes the FDCPA definitions of creditor, debtor and the exemptions
under the law. The FDCPA states that the term creditor means any person
who offers or extends credit creating a debt or to whom a debt is owed,
but such term does not include any person to the extent that he
receives an assignment or transfer of a debt **in default** solely for the
purpose of facilitating collection of such debt for another.
>>
>HB 1324 closes a loophole in licensing of debt collectors under
Maryland law.  Just because a professional collector of defaulted debt
"purchases" the debt, frequently on a contingent fee basis, should not
exclude them from the licensing requirements of Maryland law concerning
debt collectors.
>
> Currently I serve, and have for the last twelve years, on the
Maryland Collection Agency Licensing Board.
>
> I believe it is important to mandate that debt purchasers/debt
acquisition organizations be licensed as a collection agency; to
protect our citizens from abusive debt collection practices.  I urge a
favorable report of HB 1324.
>
>
>

# MARYLAND/DISTRICT OF COLUMBIA
# CREDITORS BAR ASSOCIATION

### 110 WEST ROAD, SUITE 222
### TOWSON, MARYLAND 21204

**410-823-2222**                    **FAX: 410-823-2483**

E-MAIL: STUARTBLATT@AOL.COM

**Stuart Blatt**                       March 21, 2007
**President**

Chairman:  Dereck E. Davis
Vice Chairman:  David D. Rudolph
Economic Matters Committee (ECM)
Room 231, House Office Building
Annapolis, MD  21401-1912

Re:  **HB 1324**

Dear Mr. Davis, Mr. Rudolph & Committee Members:

My name is Stuart R. Blatt and I am President of the Maryland/District of Columbia Creditors Bar Association. The Bar Association is comprised of law firms throughout the State of Maryland who represent some of the most prominent banks, financial institutions, insurance companies, health providers etc. in the country. Our member law firms practice in all the counties throughout the State.

I am writing you in connection with House Bill 1324 which is scheduled for a Hearing on March 22, 2007 at 1:00 p.m. Our concern is that we believe that:

1. Portions of the Bill are incapable of legal comprehension and needs clear definitions to be more readily subject to accurate interpretation.

2. The Bill is unworkable and has certain portions such as the denial of a license that could be more clearly defined, and

3. The Bill is disruptive to the stream of commerce.

Page Two
March 21, 2007

Banks, financial institutions, investors and members of the industry we represent concur with the *purpose* of altering the definitions as it relates to licensing but are concerned about the rather unclear language and content of House Bill 1324. The apparent nature of the bill is to include additional persons who acquire a consumer claim, when that "claim, was in default, when the person acquired it." The inclusion of "claim(s) in default" targets a secondary claim(s) market, the beginnings of which parallel the century old principle of *factoring*. The secondary industry grew substantially following the defaults of savings and loan institutions and the sale of claims by the Resolution Trust.

Consumer claims in default approximate $11 trillion. Annual sales of the face value of claims, for example, credit card, automotive and healthcare industry claims etc., in default, has grown into a $100 billion U.S. industry. Sales of defaulted claims by the leading financial institutions accelerate cash flow, recapture revenue, improve liquidity while at the same time mitigate risk. The result is creating a savings and lowering the cost of credit to the American consumer, the majority of whom are not in default.

The secondary market has become a staple of the U.S. economy. Major claim sales are made to investors with access to substantial funds necessary to purchase claims in default and a resale of portions of portfolios may occur to subsequent purchasers who cannot afford a single large investment. The initial and subsequent *investor* purchases often do not include *collecting* of a consumer claim. If the investor does not engage in the collecting of a claim or if the investor retains the services of an industry representative for collecting a claim they should not be subject to licensing by the mere fact of ownership.

If an industry representative engages in collecting, we agree with the bill, that such an entity should be subject to licensing. Does mere ownership require licensing or is the act of collecting, require licensing. We submit the bill needs additional clarification for the aforementioned reasons and the additional reasons that follow.

Page Three
March 21, 2007

Further objections to provisions in House Bill 1324:

a.      Page 3, (B) Lines 21 -24. The attempt by an applicant for
        licensing to meet the conditions of licensing by showing
        "**sufficient     financial     responsibility,   business
        experience** (an investors experience or collection
        experience is undefined) and **general fitness**" are
        incapable of definition.

b.      Page 3, Line 26. The term "**warrant the belief**" is
        incapable of comprehension or legal definition.

c.      Line 1 (3), page 4. The term "**command the confidence
        of the public**" is incapable of legal definition.

d.      Page 4 (1), Line 4. Uses the term "**has committed any
        act**" which precludes, a finding in violation, and is a
        denial of constitutionally protected due process.

e.      Page 4 (2) Line 7. The term "**otherwise fails**" is
        overbroad and incapable of legal definition.

f.      Page 4, Line 18. The language "or any owner, director,
        officer, member, partner, or agent of the licensee is
        overbroad.

g.      Page 5, Line 7. "**Commits any fraud**" is ill defined and
        means an allegation alone would be sufficient instead of
        a legal finding and is a denial of constitutional guaranty
        of due process.

h.      Page 5, Line 20 and Line 21. The wording on Line 20
        "Nature of the crime" and Line 21 usage of the term
        "crime" is ill defined and means an allegation alone
        would be sufficient instead of  a legal finding and is a
        denial of constitutional guaranty of due process.

i.      Page 6, Line 9. A 30 day requirement after the effective
        date is too short a window.

Page Four
March 21, 2007

HB 1324 in its present form is somewhat impractical, confusing, overbroad and contains provisions which may be interpreted to be a violation of due process and an impediment to the stream of commerce. A future bill would create an opportunity for secondary market representatives, if given the opportunity, to understand the scope of agency problems and participate with the agency to address their concerns.

We are, therefore, taking the position that we oppose HB 1324 in its present form and ask this Honorable Committee to file an unfavorable report on the Bill to the House. However, we want to make it clear that we are willing to work on definitions, revisions, and to provide any necessary information to the Committee to reach a resolution on language that provides clarity to those that may be subject to the final bill, if enacted.

Sincerely,

Stuart R. Blatt
President

# SENATE FINANCE COMMITTEE - HEARING ON HB 1324

## COLLECTION AGENCIES - LICENSING

### Sponsored By: Chr ECM (Dept)

*Witnesses: If you are submitting written testimony only, please print "WRITTEN ONLY" before your name.*

## WITNESSES REQUESTING A FAVORABLE REPORT

| Name(s) of Witness(es) | Entity Represented | Witness Telephone # |
|---|---|---|
| Charles W. Turnbough | DLR | 410-230-6022 |
| Tom Gowans | '' | 410-282-6115 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## WITNESSES REQUESTING A FAVORABLE WITH AMENDMENTS REPORT

| Name(s) of Witness(es) | Entity Represented | Witness Telephone # |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**House Economic Matters Committee**
Suite 230, Casper R. Taylor, Jr. House of Delegates Building,
Annapolis, Maryland 21401
Witness Sign-up Sheet   Page 1 of 1

TESTIMONY: Groups, 5 Minutes
              Individuals, 3 Minutes

PRO (for)
CON (against)
FWA (favor with amendments)

DATE OF HEARING: Thursday, March 22, 2007

HOUSE BILL NUMBER: **HB 1324**   SENATE BILL NUMBER: _____

SPONSORED BY: Chairman ECM (Dept.)

ENTITLED: Collection Agencies - Licensing

LIST OF SPEAKERS AND INTERESTED PARTIES
Please Print Clearly - Do Not Skip Spaces

| NAME | PHONE | ADDRESS | REPRESENTING | PRO | FWA | CON |
|------|-------|---------|--------------|-----|-----|-----|
| Charles Turnbaugh | | | DLLR | | | |
| Suzanne Hays | | | MD Collection Agency Licensing Board | ✓ | | |
| Eileen Brandenberg | | | MD Collection Agency Licensing Board GB32 M4H1A | ✓ | | |
| CAROLYN COLE KATHY HOWARDS | 410 352 4200 | | | | | |
| STUART BLATT | 410-823-2228 | 110 WEST ROAD 210 of Marshij Baltimar ERSTEIN TOWSON | Maryland District of Civil & Creditors Bar Association | | ✓ | |

✱ LIMITED TESTIMONY!

# SENATE OF MARYLAND
## SENATE FINANCE COMMITTEE
### VOTING RECORD

DATE: _4/5/07_

SB _____          HB _1324_

SJR _____         HJR _____

MOTION _Exum / Pugh_

FAVORABLE _____ ✓

FAVORABLE W/AMENDMENTS _____

UNFAVORABLE _____

RE-REFER _____

HOLD _____

| | YEAS | NAYS |
|---|---|---|
| SEN. MIDDLETON, CHAIRMAN | ✓ | |
| SEN. ASTLE, VICE CHAIRMAN | ✓ | |
| SEN. DELLA | ✓ | |
| SEN. EDWARDS | ✓ | |
| SEN. EXUM | ✓ | |
| SEN. GARAGIOLA | ✓ | |
| SEN. KELLEY | ✓ | |
| SEN. KITTLEMAN | ✓ | |
| SEN. KLAUSMEIER | ✓ | |
| SEN. PIPKIN | ✓ | |
| SEN. PUGH | ✓ | |

TOTAL _11_ _____

ECONOMIC MATTERS COMMITTEE
VOTING RECORD - 2007

MAR 28 2007

BILL NUMBER **HB 1324** DATE _____

⬤ MOTION:

| | | | |
|---|---|---|---|
| ✓ FAVORABLE (FAV) | _____ AMENDED (FWA) | | _____ RE-REFER TO (REI) |
| _____ UFAVORABLE (UNF) | _____ HOLD | | _____ SUMMER STUDY (SS) |

| NAME | YEAS | NAYS | ABSTAIN | ABSENT | EXCUSED |
|---|---|---|---|---|---|
| D.DAVIS | | | | | |
| RUDOLPH | ✓ | | | | |
| HARRISON | ✓ | | | | |
| BRAVEBOY | ✓ | | | | |
| IMPALLARIA | ✓ | | | | |
| HECHT | ✓ | | | | |
| MANNO | ✓ | | | | |
| MCHALE | ✓ | | | | |
| HADDAWAY | ✓ | | | | |
| FELDMAN | ✓ | | | | |
| WALKUP | ✓ | | | | |
| KIRK | ✓ | | | | |
| KRYSIAK | ✓ | | | | |
| MINNICK | ✓ | | | | |
| BURNS | ✓ | | | | |
| JAMESON | ✓ | | | | |
| MATHIAS | ✓ | | | | |
| LOVE | | | | | ✓ |
| KING | | | | | |
| MILLER | ✓ | | | | |
| TAYLOR | ✓ | | | | |
| VAUGHN | ✓ | | | | |
| STIFLER | | | | | ✓ |
| | | | | | |
| **TOTALS** | 20 | | | | 2 |

*Derick E. Davis*
Committee Reporter

Action: **FAV**