IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **TIMMY STONE, et al.** | * | |
| Plaintiffs | * | |
| v. | * | CASE NO. 1:10-cv-00484-BPG |
| **WAYRIC SERVICES, INC.** | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**FINAL ORDER AND JUDGMENT**

On September 21, 2009, Plaintiffs, Timmy Stone and Mary Rice (hereinafter referred to as "Plaintiffs" or "Class Representatives"), filed the above-captioned class action lawsuit (hereinafter referred to as "Lawsuit") against Defendant Wayric Services, Inc. (hereinafter referred to as "Wayric" or "Defendant," asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, et seq., the Maryland Consumer Debt Collection Act (hereinafter referred to as the "MCDCA"), Md. Code Ann., Com. Law §§ 14-201, et seq., and the Maryland Consumer Protection Act (hereinafter referred to as the "MCPA"), Md. Code Ann., Com. Law §§ 13-101, et seq., as well as seeking certain declaratory relief. Defendant denied all liability alleged in the Lawsuit.

On December 20, 2012, after extensive arm's length negotiations, formal and informal discovery, and a settlement conference before a U.S. Magistrate Judge, Plaintiffs and Defendant (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under

Fed. R. Civ. P. 23.

On April 1, 2013, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion") (Paper No. 110).

On April 9, 2013, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereafter referred to as the "Preliminary Approval Order") (Paper No. 111). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Maryland Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs as the Class Representatives; (iv) appointed Scott C. Borison and Phillip R. Robinson of the Legg Law Firm, LLC, Peter Holland of The Holland Law Firm, PC, Michael Gregg Morin, and Douglas Bowman as Class Counsel; and, (v) set the date and time for the Fairness Hearing.

On July 16, 2013, the Parties filed their Joint Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On July 25, 2013, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Maryland Class Members and should be approved by the Court. The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, the Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of the following Maryland Class Members:

> **All persons in the State of Maryland who, from October 1, 2007 to December 8, 2009, both dates inclusive, were contacted by Defendant, directly or indirectly, in connection with any effort to collect a consumer debt. Excluded from this group are those persons who have paid their debt or whose debt was deemed satisfied by Defendant as of December 20, 2012.**

3. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs as the Class Representatives and Scott C. Borison, Phillip R. Robinson, Peter Holland, Michael Morin, and Douglas Bowman as Class Counsel. The Court, in appointing Class Counsel, has reviewed the factors set forth in Rule 23(g) and appoints Class Counsel based on the review of the criteria set forth therein.

4. **NOTICES** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Maryland Class Members. The form and method for notifying the Maryland Class Members of the settlement and its terms and conditions was

in conformity with this Court's preliminary approval order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notices were clearly designed to advise the class members of their rights.

5. **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

> 5.1. The Maryland Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;
>
> 5.2. There are questions of law and fact common to the Maryland Class Members, which predominate over any individual questions;
>
> 5.3. Plaintiffs' claims are typical of the claims of the Maryland Class Members;
>
> 5.4. Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Maryland Class Members; and
>
> 5.5. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and

probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Maryland class; and the limited amount of any potential total recovery for the class.

7. The Court finds that the total sum of $8,500 to be paid to the Class Representatives pursuant to the terms of the Agreement is a fair and reasonable amount to be paid to them and hereby approves and directs the payments be made from the Common Fund.

8. The Court finds the sum of $4,432.28 to Class Counsel for costs is fair and reasonable amount based and hereby approves and directs the payments be made from the Common Fund.

9. The Court further finds that any residue of the Common Fund shall be contributed as *cy pres* in percentages indicated below to the following non-profit organizations:
100% Maryland Consumer Rights Coalition.

10. **SETTLEMENT TERMS** – The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The parties are hereby directed to perform the terms of the Agreement.

11. **OBJECTIONS AND EXCLUSIONS** – The Maryland Class Members were given an opportunity to object to the settlement. No Maryland Class Member objected to the

settlement or opted out. Therefore, this order is binding on all Maryland Class Members.

12. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – Plaintiffs, the Maryland Class Members, and their successors and assigns fully, finally, and forever settle, release, and discharge the "Released Parties" (as defined in the Agreement) from the "Released Claims" (as defined in the Agreement), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever as set forth in the Agreement. Pursuant to the release contained in the agreement, the released claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

13. The Lawsuit is hereby dismissed with prejudice in all respects.

14. This order shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

15. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.


| 7/25/13 | /s/ |
|---|---|
| Date | Magistrate Judge Beth P. Gesner<br>United States District Court for the District of Maryland |

cc:     All Counsel of Record via ECF